IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 2 9 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| DALE KEITH PAYNE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-4294 |
| § | |
| JIMMY PARNELL, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Dale Keith Payne, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ officers Jimmy Parnell, Terry Pickett, Brian Buck, and Richard Thaler. (Docket Entry No. 1.) Defendants filed a motion for summary judgment (Docket Entry No. 32), an expert witness affidavit (Docket Entry No. 31), and supplemental exhibits (Docket Entry No. 34). Plaintiff has responded. (Docket Entry No. 33.)

After considering the pleadings, motion, response, summary judgment evidence, and the applicable law, the Court hereby **GRANTS** summary judgment and **DISMISSES** this case for the reasons shown below.

### I. Background and Claims

Payne claims that TDCJ officer Parnell orally threatened and harassed him, and that in October 2002, Parnell shocked him with a cattle prod. According to Payne, TDCJ

officers Pickett, Buck, and Thaler did nothing to correct the situation, and failed adequately to investigate his grievances or properly supervise Parnell and other TDCJ officers. Payne raises claims against Parnell for use of excessive force, oral threats, and harassment, and against Pickett, Buck, and Thaler for failures to supervise, investigate, and protect.

The uncontroverted summary judgment evidence shows that Payne's allegations against Parnell were investigated by the TDCJ Office of the Inspector General. The TDCJ incident report shows that while inspecting a vehicle outside the prison unit's back gate in October of 2002, Parnell found a cattle prod in the vehicle, which he temporarily confiscated as prohibited property. Parnell then walked over to where Payne was working and touched Payne's back with the cattle prod. Payne received a shock. (Docket Entry No. 34.) Parnell told the investigators that he had jokingly touched Payne with the cattle prod, had not turned it on, and was surprised when Payne received an electrical shock. He stated he did not realize the cattle prod was charged and capable of producing an electrical shock when not in the "on" position. Parnell's co-officers told investigators that Parnell had a reputation for "horseplay" with inmates, and an eyewitness stated Parnell appeared "shocked" when Payne was shocked. (*Id.*). The investigation concluded that Parnell failed to maintain the professional standards of a correctional staff member and that he engaged in reckless conduct by touching Payne with the cattle prod. Parnell was reprimanded and punished with nine months disciplinary probation and a two day suspension without pay.

The investigation further found that Payne's medical records indicated he was not examined by medical personnel as a result of the incident. (*Id.*) Payne admits that he has

2

no evidence to substantiate any physical injury from the electrical shock, but argues none is needed because Parnell's actions were "repugnant to the conscience of mankind."

Defendants move for summary judgment. Parnell argues that any injury Payne received from the cattle prod was *de minimus*, and that claims of oral threats and harassment are not actionable. Pickett, Buck, and Thaler argue that no viable federal claims have been lodged against them.

## II.   Analysis

### A.   Defendant Parnell

Payne claims that by shocking him with the cattle prod, Payne used excessive force against him in violation of the Eighth Amendment. The use of force by prison guards violates the Eighth Amendment when it is not applied in a good faith effort to maintain or restore discipline, but is administered maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1 (1992). Payne presents no probative evidence that Parnell acted maliciously or sadistically to cause Payne harm. To the contrary, the uncontroverted evidence shows that Parnell had been acting "jokingly" or in "horseplay," and was unaware that the tool was charged and capable of shocking Parnell.

The *Hudson* Court further noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* at 9-10. The Fifth Circuit has held that in Eighth Amendment excessive force claims, the claimant must show a physical injury that is more than *de*

3

*minimis*, even if not significant, serious, or more than minor. *Gomez v. Chandler*, 163 F.3d 921 (5th Cir. 1999). *See also Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

Defendants have submitted an affidavit of TDCJ physician Larry Largent, M.D., in which he states that Payne's prison medical records do not reflect that he requested any medical evaluation or treatment from the incident, and that no mention is made of the incident in the available medical records. (Docket Entry No. 31.) Payne himself presents no probative evidence of a physical injury. Accordingly, nothing in the record demonstrates that Payne received anything more than a *de minimus* injury from the incident.

In absence of anything more than a *de minimus* physical injury, Payne must establish that Parnell's use of force was "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. This Court does not in any way condone or excuse Parnell's actions, and finds his behavior in all respects to show an appalling lack of professionalism. Nevertheless, his touching of Payne with the cattle prod, in a joking manner and without knowing it was charged, was not an action repugnant to the conscience of mankind. Not all conduct that is unprofessional, or even stupid, is also unconstitutional. No Eighth Amendment violation is shown.

Payne further claims that Parnell orally harassed and threatened him on numerous occasions. Even assuming these claim were supported by probative evidence in the record, the Fifth Circuit has held that verbal abuse, threats, or harassment by a prison guard do not amount to Eighth Amendment violations. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Nor may a prisoner who has not alleged a physical injury from such actions seek

4

compensatory damages. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Payne's allegations of oral threats and harassment fail to raise an Eighth Amendment claim.

### B. Defendants Pickett, Buck, and Thaler

Payne claims that Pickett, Buck, and Thaler failed to investigate adequately his grievances against Parnell, failed to supervise Parnell and other officers, and failed to protect him from Parnell. His complaints regarding the grievance procedures fail to state a viable federal claim, as inmates do not have a federally protected liberty interest in having administrative grievances resolved to their satisfaction. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) Because Payne relies on a legally nonexistent interest, any alleged due process violations arising from the alleged failure to investigate his grievances is meritless. Regardless, the record clearly shows that Payne's complaints were investigated by the TDCJ Office of the Inspector General, witnesses were examined, and Parnell was disciplined for touching Payne with the cattle prod.

Payne's claims against these defendants for failure to supervise and protect likewise are not actionable. To hold supervisory officials liable, an inmate must establish that (1) the supervisor failed to supervise his subordinates; (2) a causal link exists between the failure to supervise and the violation of his rights; and (3) the failure to supervise amounts to deliberate indifference to the inmate's health or safety. *Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998). To establish a failure to protect claim, an inmate must show he is incarcerated under conditions posing a substantial risk of serious harm, and that the prison officials acted with deliberate indifference to his safety. *Farmer v. Brennan,* 511

U.S. 825, 847 (1994). For either of these causes of action, a prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* In this regard the Supreme Court has cautioned that a prison official cannot be found liable under the Eighth Amendment unless he knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837-38.

In their affidavits, Thaler, Buck, and Pickett each testify that he was unaware of a substantial risk of serious harm posed by Parnell to Payne prior to the cattle prod incident. (Docket Entry No. 32, Exhibits C, D, E.) Upon being informed of Payne's allegations, Buck and Thaler referred the matter to the Office of the Inspector General, which they state "is the best investigational tool available and is independent from the chain of command." (*Id.*, Exhibits D, E.) In his affidavit, Pickett testifies that when he was informed of Payne's allegations, he separated Parnell and Payne so that they would no longer work together. (*Id.*, Exhibit C.)

Payne fails to controvert this testimony with any probative evidence that Pickett, Buck, or Thaler knew Parnell presented a risk to Payne's safety prior to the cattle prod incident, and that they deliberately disregarded that risk. Accordingly, Pickett, Buck, and Thaler are entitled to summary judgment dismissing Payne's claims against them.

### III. Conclusion

Based on the foregoing, the Court **ORDERS** that defendants' motion for summary judgment (Docket Entry No. 32) is **GRANTED**, and this case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on _28 July_, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE